UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61550

VASSEL VIRGO,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant(s).
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, VASSEL VIRGO, is a citizen of the State of Florida, Broward County, over the age of eighteen and is otherwise *sui juris.*

2. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), is a foreign corporation incorporated under the laws of Panama, is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

3. This action is being pursued in this Court, as opposed to state court as otherwise permitted by the Savings to Suitors Clause of 28. U.S.C. section 1333 because CARNIVAL unilaterally injects a forum clause into its cruise tickets that require its passengers to file cruise-related suits in this Federal District and Division, as opposed to any other venue in the world.

4. The Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

1

  b. Was engaged in substantial activity within this state;

  c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state; and/or

  f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

5. The causes of action asserted in this Complaint arises under the General Maritime Law of the United States.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Sensation*.

8. Defendant, CARNIVAL, promotes itself as the "Fun Ship" and markets to a younger crowd of passengers.

9. Defendant CARNIVAL, at all relevant times, and for at least ten (10) years prior to the incident complained of in this lawsuit, knew of the serious risk of crime and injury to passengers onboard its vessels, because Defendant had experienced and had actual knowledge of such crimes and injuries, perpetrated aboard by both its crew and passengers. These crimes and injuries, upon information and belief, include, but are not limited to assaults and batteries, and other violence between passengers.

10. Defendant CARNIVAL, at all relevant times, and as required by the Cruise Safety and Security Act of 2010 must report acts and maintain a log of claims of physical assault onboard its vessels.

11. Defendant, CARNIVAL, further has experienced actual knowledge of passenger on passenger violence in its casinos.

12. Defendant knew or should have known, from past experience, that the risk of crime (such as assaults) and injury against passengers tends to be the greatest in areas where alcohol is served, such as in its casinos.

13. These locations where the violence occurs are where Defendant, CARNIVAL, provides its passengers with alcohol and also fails to provide adequate crewmember security.

14. Defendant CARNIVAL, at all relevant times, and upon information and belief, anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels in the future and as such needs to provide adequate security, training and surveillance.

15. Defendant CARNIVAL, at all relevant times, chooses to sell alcohol aboard its vessels. Upon information and belief, such beverage sales are among the top source of onboard revenue, which determines the profitability of each voyage. Upon further information and belief, Defendant CARNIVAL derives millions of dollars in annual revenue from this source alone.

16. Defendant CARNIVAL, at all relevant times, also gifts bottles of alcohol to patrons of its casinos as gifts, prizes, and/or "comps".

17. Defendant CARNIVAL knew or should have known that the high risk to its passengers of crime and injury aboard its vessels was enhanced by Defendant's sale and gift of copious quantities of alcohol on its vessels.

18. Defendant CARNIVAL knew or should have known of the need to provide additional security measures in its casinos.

19. Defendant CARNIVAL is required to maintain a surveillance system onboard its vessels to assist in documenting crimes and injuries to provide evidence.[1]

20. On or about August 30, 2019, the Plaintiff was a paying passenger on Defendant's vessel, the *Carnival Sensation*, which was in navigable waters, for a cruise which began on August 26, 2019.

21. Plaintiff was playing in the casino at a roulette, wherein there was inadequate security or no security presence (i.e., security guards and/or surveillance).

22. Plaintiff was sitting at a roulette table where another male passenger, who was clearly intoxicated, was drinking from a bottle of alcohol. Upon information and belief, the bottle of alcohol was gifted or "comped" to the male passenger by the Defendant.

23. While at the roulette table, Plaintiff and the intoxicated male passenger began exchanging words when the male passenger suddenly began attacking Plaintiff.

24. Defendant's security escorted Plaintiff and the male passenger out of the casino.

25. Due to the insufficient and/or inadequately trained security personnel, the male passenger broke free from security and began to physically assault the Plaintiff a second time.

26. Upon information and belief, the intoxicated male passenger had caused numerous other altercations while on the August 26, 2019 through August 31, 2019 *Carnival Sensation* voyage, and Defendant knew, or should have known, of this passenger's dangerous propensities.

27. As a result of the inadequate security and surveillance on the vessel at the time, Plaintiff suffered severe physical injuries and mental harm.

---

[1] 46. U.S.C. § 3507(b).

## COUNT I – NEGLIGENCE AGAINST DEFENDANT CARNIVAL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in Paragraphs one (1) through twenty-seven (27) as though alleged originally herein:

28. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while he was a passenger aboard the *Carnival Sensation*.

29. On or about August 30, 2019, the Plaintiff was injured due to the fault and negligence of the Defendant, and/or its agents, servants and/or employees as follows:

   a. Failing to provide reasonably safe conditions for the Plaintiff during his voyage aboard the *Carnival Sensation*. Reasonably safe conditions include, but are not limited to: (i) preventing an atmosphere wherein persons could assault and/or violently batter other passengers; (ii) controlling passengers who were clearly and/or visibly intoxicated so as to be dangerous to others; and/or (iii) having adequate security personnel aboard its vessel and/or club; and/or

   b. Failing to protect passengers from physical assaults and/or batteries by other passengers; and/or

   c. Failing to adequately monitor passengers so as to keep them away from dangerous passengers and/or dangerous situations; and/or

   d. Failing to warn passengers of the prevalence of violence aboard Carnival ship and/or its casinos; and/or

   e. Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from committing physical assaults and/or batteries against other passengers aboard the ship; and/or

    f. Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from over-drinking; and/or

    g. Failing to train and/or advise crewmembers on policies and/or procedures designed at preventing over-service of alcohol; and/or

    h. Failing to adequately monitor and control the conduct of passengers aboard the vessel; and/or

    i. Failing to provide adequate security and/or supervision for passengers aboard its vessels; and/or

    j. Failing to have adequate security aboard the vessel; and/or

    k. Failing to adequately train security; and/or

    l. Failing to adequately supervise security; and/or

    m. Failing to have security act reasonably and/or adequately and/or timely; and/or

    n. Failing to provide adequate security to prevent and/or time intervene in altercations and/or disputes among passengers aboard the ship; and/or

    o. Failure to adequately monitor ship's common areas so as to timely identify and respond to passenger physical assaults and/or batteries; and/or

    p. Failure to maintain and/or monitor security cameras on the vessel, including the casinos, to avoid violence and/or injuries to other passengers, such as the Plaintiff; and/or

    q. Failing to properly abide by the Cruise Vessel Security Act of 2010; and/or

    r. Failing to properly report prior assaults and/or passenger fights to the appropriate authorities in order to effect change to prevent future instances; and/or

    s. Serving excessive amounts of alcohol to passengers; and/or

    t.   Allowing passengers to become dangerously intoxicated; and/or

    u.   Failing to identify and respond to serious situations concerning passenger safety; and/or

    v.   Failing to warn Plaintiff of lack of security in common areas aboard the vessel; and/or

    w.   Failing to properly gather and maintain evidence after the Plaintiff was assaulted or battered.

All or some of which caused and/or contributed to the Plaintiff being severely injured and/or which caused his injuries to be aggravated and/or made worse.

30.   At all times material, Defendant CARNIVAL had exclusive control and custody of the *Sensation*.

31.   At all times material, Defendant CARNIVAL violated the International Safety Management Code's goals and intent and fails to properly, adequately and safely implement ISM and by extension its SQM manual.

32.   CARNIVAL was aware of the foregoing conditions causing Plaintiff to be assaulted and battered and did not correct them, or the conditions existed for sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

33.   As a direct and proximate result of the negligence of the Defendant, the Plaintiff was directly and proximately caused to be physically assaulted, and/or violently battered with, and/or suffer emotional distress.

34.   As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish,

loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, scarring, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and income lost in the past. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff, VASSEL VIRGO, demands judgment for damages against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, for all damages recoverable under the law against Defendant and demand trial by jury of all issues so triable.

Dated: **July 31, 2020**

                    Respectfully submitted,

                    **FENSTERSHEIB LAW GROUP, P.A.**
                    520 West Hallandale Beach Boulevard
                    Hallandale Beach, Florida 33009
                    Telephone:   (954) 456-2488
                    Facsimile:   (954) 867-1844

                    By:   */s/ Jason R. Manocchio*
                            Jason R. Manocchio, Esq.,
                            Florida Bar No. 92477
                            E-mail:   jason@fenstersheib.com
                                          jm-pleadings@fenstersheib.com